1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10  SAMUEL HOWARD,                )
                                 )
11          Petitioner,          )      2:93-CV-1209-LRH-LRL
                                 )
12  vs.                          )
                                 )      **ORDER**
13  E.K. McDANIEL, *et al.*,     )
                                 )
14          Respondents.         )
                                 )
15  _____/

16          Respondents have filed a motion to dismiss (docket #206) the third amended petition

17  for writ of habeas corpus (docket #189) filed by Samuel Howard, a Nevada prisoner sentenced to

18  death.  As the basis for their motion, respondents contend that nearly all of the claims in the petition

19  are barred from federal court review by the doctrine of procedural default.  Howard has not filed an

20  opposition to the motion.

21          1.      Background.

22          On May 6, 1983, Howard was convicted of murder in the first degree with use of a

23  deadly weapon and was sentenced to death in the Eighth Judicial District Court of Nevada.  On

24  December 15, 1986, the Nevada Supreme Court affirmed the judgment of conviction and sentence of

25  death.  On March 24, 1987, the Nevada Supreme Court denied Howard's petition for rehearing.  On

26  October 5, 1987, the United States Supreme Court denied his petition for writ of certiorari.

On October 28, 1987, Howard filed a petition for post-conviction relief in the state district court. On November 7, 1990, the Nevada Supreme Court affirmed the lower court's decision to deny relief. While the proceeding was pending, Howard filed a federal petition for habeas relief in this court (Case No. CV-N-88-0264-ECR). On June 23, 1988, the case was dismissed without prejudice.

On May 1, 1991, Howard submitted another federal habeas corpus petition that was subsequently filed and assigned Case Number CV-N-91-196-ECR. The respondents moved to dismiss the petition on the ground that it included unexhausted claims, and was therefore a "mixed" petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). Howard conceded that his petition was a mixed petition, and responded to the motion to dismiss by requesting a stay of the action to allow him to return to state court to exhaust his unexhausted claims. In an Order entered October 16, 1991, the court granted petitioner's request, and stayed the case. The case was closed administratively, subject to being reopened.

On December 16, 1991, Howard filed an "Amended Petition for Post-Conviction Relief" in the state district court. The state district court denied the amended petition. On March 9, 1993, Howard's appeal to the Nevada Supreme Court appeal was dismissed. The United States Supreme Court denied his petition for a writ of certiorari.

On December 8, 1993, Howard returned to this court and submitted a *pro se* habeas corpus petition, initiating this action. Docket #1. The court appointed counsel for Howard. Docket #6. On May 8, 1995, Howard filed an amended petition. Docket #33. On October 16, 1995, respondents filed a motion to dismiss, or for a more definite statement. Docket #38. On September 2, 1996, the court granted that motion, dismissed the amended petition, and required Howard to file a second amended petition that stated his claims in a non-conclusory manner. Docket #48.

On January 27, 1997, Howard filed a Second Amended Petition for Writ of Habeas Corpus. Docket #60. The following day, he filed a Statement of Exhaustion, wherein he conceded that several of his claims were unexhausted. Docket #61. On February 18, 1997, the court entered

1  an order requiring Howard to file a statement explaining why the unexhausted claims were not

2  barred as an abuse of the writ.  Docket #63.  On August 16, 2001, after extensive and prolonged

3  litigation on the issue, this court ultimately determined that, in view of the Supreme Court's holding

4  in *Slack v. McDaniel*, 529 U.S. 472 (2000), Howard had not abused the writ.  Docket #140.

5  On September 13, 2002, this court entered an order staying this action to allow

6  Howard a final opportunity to exhaust remedies for his pending federal habeas claims.  Docket #170.

7  On December 20, 2002, Howard filed his third state petition for post-conviction relief.  On October

8  23, 2003, the state district court dismissed the petition on procedural grounds.  On December 1,

9  2004, the Nevada Supreme Court entered an order affirming the lower court's decision.  On February

10  23, 2005, this court lifted its stay and directed the Clerk to file Howard's Third Amended Petition for

11  Writ of Habeas Corpus.  Docket #188.  On December 23, 2005, respondents filed the motion to

12  dismiss that is now before the court for decision.

13       2.  <u>Procedural Default Standards</u>.

14  A federal court will not review a claim for habeas corpus relief if the decision of the

15  state court denying the claim rested on a state law ground that is independent of the federal question

16  and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  The

17  Court in *Coleman* stated the effect of a procedural default as follows:

18         In all cases in which a state prisoner has defaulted his federal claims in
          state court pursuant to an independent and adequate state procedural

19         rule, federal habeas review of the claims is barred unless the prisoner
          can demonstrate cause for the default and actual prejudice as a result of

20         the alleged violation of federal law, or demonstrate that failure to
          consider the claims will result in a fundamental miscarriage of justice.

21

22  *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  A state procedural

23  bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its

24  decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995).  A state court's decision is not

25  "independent" if the application of a state's default rule depends on a consideration of federal law.

26  *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).  Also, if the state court's decision fails "to

specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir.1996) (citation and internal quotation marks omitted). In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), the court of appeals announced a burden-shifting test for analyzing adequacy. Under *Bennett*, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Id*. at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id*.

    3.    Discussion.

Respondents' procedural default argument is based on the following syllogism. First, Howard has admitted that his third state petition and his current federal petition are virtually identical. Second, the Nevada Supreme Court clearly denied Howard's third state petition on adequate and independent procedural grounds. Thus, any claim in his current federal petition that was unexhausted when he filed his third state petition is now subject to the doctrine of procedural default.

Respondents further note that Howard acknowledged, in the Statement of Exhaustion filed with his second amended petition, that most of the claims in that petition were unexhausted –

1   specifically, Claims 4, 6, 7, 8, 9, 11, 12, 13, 15, 16, part of 17, part of 18, 19, 20, 21, 22, and 23,[1]

2   which means that those claims were unexhausted when the third state petition was filed.  In addition,

3   respondents argue that there are several other claims that may have been unexhausted as well –

4   specifically, Claims 1, 2, 3, 5, 10, 14, 17, and 18.

5              In affirming the lower court's denial of Howard's third state post-conviction petition,

6   the Nevada Supreme Court concluded that three separate procedural rules barred the petition, Nev.

7   Rev. Stat. § 34.726(1), Nev. Rev. Stat. § 34.800(1), and Nev. Rev. Stat. § 34.810(2).  Docket #187,

8   Exhibit A, p. 3-5.  Under Nev. Rev. Stat. § 34.726(1), a petition is untimely if filed later than one

9   year after the entry of the judgment of conviction.  Nev. Rev. Stat. § 34.800(1) provides that a court

10  may dismiss a petition if undue delay prejudices the State's ability to either respond to the petition

11  or retry the petitioner.  A rebuttable presumption of prejudice arises after five years between the

12  direct appeal decision and the filing of the petition.  Nev. Rev. Stat. § 34.800(2).  Under Nev. Rev.

13  Stat. § 34.810(2), a second or successive petition must be dismissed if "it fails to allege new or

14  different grounds for relief and . . .  the prior determination was on the merits or, if new and

15  different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior

16  petition constituted an abuse of the writ."  Sections 34.726 and 34.810 each have cause and

17  prejudice exceptions; and, § 34.800 has exceptions for newly discovered claims and fundamental

18  miscarriages of justice.

19             The Nevada Supreme Court rejected Howard's various arguments asserting that his

20  petition should not have been dismissed on procedural grounds.  Docket #187, Exhibit A, p. 5-9.

21  The court's decision did not involve, expressly or implicitly, an interwoven or antecedent ruling on

22  federal law.  *Id*.  Thus, it rested on state law grounds that were independent of any federal question

23  presented by Howard's petition.  *See Park*, 202 F.3d at 1152-53; *La Crosse v. Kernan*, 244 F.3d

24  702, 706-07 (9ᵗʰ Cir. 2001).  And, for reasons discussed below, this is not a case in which ambiguity

25

26  _____
    [1] The claims in Howard's current federal petition correspond with, and are nearly identical to, the claims in his second amended petition, except that Howard has added one additional sub-claim of ineffective assistance of counsel – Claim 17(22).

5

1   as to which bar was applied to which particular claims defeats the independence of the state

2   procedural bar.

3           With regard to the adequacy requirement, respondents point out that the Ninth

4   Circuit, in *Moran v. McDaniel*, 80 F.3d 1261, 12689 (9th Cir. 1996) and more recently in *Valerio v.*

5   *Crawford*, 306 F.3d 742, 778 (9th Cir. 2002), upheld the viability of Nev. Rev. Stat. § 34.726(1) as a

6   procedural bar in capital cases.  Respondents do not rely on Nev. Rev. Stat. § 34.800 at all, and

7   concede that there is some question as to whether as Nev. Rev. Stat. § 34.810 suffices as a

8   procedural bar to federal court review in capital cases.  *See Valerio*, 306 F.3d at 778.  Nonetheless,

9   by pleading  § 34.726(1) as a procedural bar and citing to *Moran*, respondents have met their initial

10  burden under *Bennett*.  Because Howard has not filed an opposition, respondents need not make any

11  further showing with respect to the adequacy of § 34.726(1).  *Bennett*, 322 F.3d at 586.

12          The possible inadequacy of Nev. Rev. Stat. § 34.810 as a procedural bar in capital

13  cases does not undermine a conclusion that the relevant claims are procedurally barred from federal

14  court review.   Unlike in *Valerio* and *Koerner*, where the state court relied on two mutually

15  inconsistent procedural bars without specifying which bar applied to which claim, the Nevada

16  Supreme Court in Howard's case clearly applied the timeliness bar to his entire petition.  Because

17  the application of Nev. Rev. Stat. § 34.726 was not inconsistent with the application of  Nev. Rev.

18  Stat. § 34.810, this court is not required to guess which of two mutually exclusive grounds, one

19  adequate and one not, was applied to a particular claim.  *See Koerner*, 328 F.3d at 1053.

20          Howard did, in fact, admit that his third state petition was identical to his current

21  federal petition.  Docket #187, p. 2.  Because all the claims in his third state petition were denied by

22  the Nevada Supreme Court based on adequate and independent state procedural rule, it follows that

23  any claim in that petition that had yet to be exhausted in state court when the petition was filed is

24  now procedurally barred from federal court review on the merits.  To avoid this result, Howard

25  must demonstrate either (1) cause for the default and actual prejudice resulting from the alleged

26  federal law violation or (2) that failure to consider the claim will result in a fundamental miscarriage

1   of justice.  *Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 262 (1989).   Because Howard

2   has not opposed respondents' motion to dismiss, the court finds that he has not met either burden.

3          All that remains, therefore, is to determine which of Howard's claims had yet to be

4   exhausted when he filed his third state petition.  Given the absence of any intervening state

5   proceeding,  the claims for which Howard conceded lack of exhaustion when he filed his second

6   amended federal petition were still unexhausted when he filed his third state petition.  As noted

7   above, Howard has presented the same, identically-numbered claims (save for the addition of Claim

8   17(22)) in his second amended federal petition, his third state petition, and his current federal

9   petition.  Therefore, he cannot dispute that Claims 4, 6, 7, 8, 9, 11, 12, 13, 15, 16, part of 17, part of

10  18, 19, 20, 21, 22, and 23 in his current petition had yet to be exhausted when he filed his third state

11  petition.  See Docket #61.

12          As for the remaining claims, the court has carefully reviewed the state court record

13  and finds that, for the reasons set forth below, Claims 1, 3, 5, 17 (in part), and 18 had also yet to be

14  exhausted when Howard filed his third state petition.  To exhaust a ground for relief, a petitioner

15  must fairly present that ground for relief to the state's highest court, and must give that court the

16  opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Keeney v.*

17  *Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  The "fair presentation" requirement is satisfied when the

18  claim has been presented to the highest state court by describing the operative facts and the legal

19  theory upon which the federal claim is based.  *See Anderson v. Harless*, 459 U.S. 4, 6 (1982);

20  *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

21          To fairly present a federal claim to the state court, the petitioner must alert the court

22  to the fact that he asserts a claim under the United States Constitution.  *Hiivala v. Wood*, 195 F.3d

23  1098, 1106 (9th Cir. 1999) (citing *Duncan*, 513 U.S. at 365-66), *cert. denied*, 529 U.S. 1009 (2000).

24  The mere similarity of claims of state and federal error is insufficient to establish exhaustion.

25  *Hiivala*, 195 F.3d at 1106, (citing *Duncan*, 513 U.S. at 366); *see also Lyons v. Crawford*, 232 F.3d

26  666, 668-69 (9th Cir. 2000), *as modified by*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne,* 223

1   F.3d 982, 987 (9th Cir. 2000).  The petitioner must have "characterized the claims he raised in state

2   proceedings *specifically* as federal claims."  *Lyons*, 232 F.3d at 670.  This is accomplished either by

3   referencing a specific provisions of the federal constitution or by citing to either a federal or state

4   case involving the legal standard for a federal constitutional violation.  *See id.*; *Peterson v. Lampert*,

5   319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  "[G]eneral appeals to broad constitutional

6   principles, such as due process, equal protection, and the right to a fair trial, are insufficient to

7   establish exhaustion." *Hiivala*, 195 F.3d at 1106, (citing *Gray v. Netherland*, 518 U.S. 152, 162-63

8   (1996); *see also Shumway*, 223 F.3d at 987.

9           In Claim 1, Howard alleges a violation of his constitutional right to a fair trial

10   because the state court failed to sever a robbery count (Count I) from another robbery count (Count

11   II) and the murder count (Count III).  Prior to his third state petition, Howard presented a similar

12   claim in his direct appeal, but, in doing so, failed to argue a federal law violation.  Exhibit #32,[2] p.

13   11-14.  Claim 1 was not presented in state court until his third state petition.

14           In Claim 3, Howard alleges that several of his constitutional rights, including his

15   right to due process and a speedy trial, were violated when his trial, which was scheduled to begin

16   January 10, 1983, was continued over his personal and specific objection to the continuance.  In his

17   Statement of Exhaustion, Howard claimed to have exhausted his state court remedies for this claim

18   in his second state post-conviction proceeding.  Docket #61, p. 2.  However, he failed to present to

19   the state court the operative facts upon which he now relies.  Exhibits #97/98/103.  In addition,

20   Claim 3 also contains legal theories for federal relief that were not presented to the state court.  *Id.*

21   Thus, Claim 3 was not presented in state court until his third state petition.

22           In Claim 5, Howard alleges a violation of his constitutional right to a fair trial

23   because the state court failed to give his requested jury instruction that the testimony of an

24   accomplice ought to be viewed with distrust.  Prior to his third state petition, Howard presented a

25

26
    _____
    [2]  Unless otherwise noted, exhibits referenced herein were filed with respondents' motion to dismiss,
    or for a more definite statement, and are located at docket #38/39.

1   similar claim in his direct appeal, but, in doing so, failed to argue a federal law violation.  Exhibit

2   #32, p. 16-17.  Claim 5 was not presented in state court until his third state petition.

3   In Claim 17, Howard alleges that his constitutional right to effective assistance of

4   counsel was violated as a result of counsel's failure to adequately prepare for trial, to discover and

5   present available evidence, and to adequately argue his case on the basis of evidence that was

6   presented.  In addition to claiming a conflict of interest (Claim 17(2)), Howard supports his claim of

7   ineffectiveness by identifying 21 specific failures or omissions by counsel.

8   Prior to his third state petition, Howard raised ineffective assistance of counsel

9   claims in the Nevada Supreme Court in all three of his prior state court proceedings – i.e., his direct

10   appeal and first two state petitions.  Exhibits #32/88/97.  As conceded in his Statement of

11   Exhaustion, however, he did not present in those proceedings all of the operative facts he relies

12   upon in his current federal petition.  Docket #61, p. 3.  His third state petition was the first time he

13   raised allegations that counsel was ineffective for failing to seek a hearing on his competence to

14   stand trial (Claim 17(7)), to seek a suppression hearing (Claim 17(8)), to pursue an insanity defense

15   (Claim 17(9)), to object to certain jury instructions (Claim 17(10, 17, 21)), and to object to the trial

16   court's limitation of mitigating circumstances to be considered by the jury (Claim 17(20)).  In

17   addition, Howard waited until his third state petition to fault counsel for failing to obtain or present

18   certain evidence; to wit:  information from Howard's attorney in a California robbery case (Claim

19   17(3)), the transcripts from that robbery trial (Claim 17(5)), various records from the Clark County

20   Detention Center (Claim 17(7, 11, 13)), and certain records from the California State Prison

21   Archives Division (Claim 17(12)).  Lastly, two other claims not presented in state court until the

22   third state petition are Howard's contentions that counsel was ineffective for (1) failing to refute the

23   prosecution's argument about future dangerousness by calling jail personnel and fellow inmates as

24   witnesses and presenting psychiatric evidence (Claim 17(19)), and (2) failing to adequately

25   investigate Howard's background and present certain information about his past (Claim 17(22)).

26   In Claim 18, Howard alleges that his constitutional right to effective assistance of

counsel was violated as a result of appellate counsel's failure raise various claims in his direct appeal.  He identifies thirteen arguments that counsel should have raised on direct appeal.  Prior to his third state petition, Howard presented an ineffective assistance of appellate counsel claim to the Nevada Supreme Court in appealing the denial of his first state petition.  Exhibit 88.  In doing so, however, he did not attribute appellate counsel's ineffectiveness to her failure to bring any of the thirteen arguments identified in Claim 18.  Thus, Claim 18 was not presented in state court until his third state petition.

In summary, this court finds that Claims 1, 3 through 9, 11, 12, 13, 15, 16, 17(3, 5-13, 17, and 19-22), and 18 through 23 were not presented to the state court until Howard filed his third state petition for post-conviction relief.  For the reasons set forth above, this court is barred by the doctrine of procedural default from reviewing those claims on the merits.

**IT IS THEREFORE ORDERED** that respondent's motion to dismiss (docket #206) is GRANTED.   Claims 1, 3 through 9, 11, 12, 13, 15, 16, 17(3, 5-13, 17, and 19-22), and 18 through 23 of the third amended petition for writ of habeas corpus (docket #189) are DISMISSED as procedurally barred from review by this court.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date this order is filed in which to file and serve an **answer** to Claims 2, 10, 14, and 17(1, 2, 4, 14-16, and 18) of the third amended petition.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the scheduling order entered on March 25, 2005 (docket #191), shall remain in effect.

DATED: July 25, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE