1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    SAMUEL HOWARD,                          )
                                             )
10              Petitioner,                  )            2:93-CV-01209-LRH-LRL
                                             )
11   vs.                                     )
                                             )            **ORDER**
12   E.K. McDANIEL, et al.,                  )
                                             )
13              Respondents.                 )
                                             )
14   _____/

15        Petitioner Howard has filed a *pro se* motion for appointment of new counsel.  Docket

16   ##232/233.  On February 16, 2007, this court appointed the Federal Public Defender's office (FPD)

17   to replace Patricia Erickson, who had been relieved as Howard's counsel in this capital habeas

18   action.  Docket #223.

19        Howard asserts two reasons for requesting appointment of new counsel to replace the FPD,

20   neither of which is a sufficient ground for granting his motion.  First, Howard claims that Erickson,

21   against whom he has filed a grievance with the Nevada State Bar Association, "works with" the

22   FPD.  Second, he alleges that the FPD represents inmates who physically attacked him on two

23   occasions.

24        By statute, an indigent habeas petitioner asking the federal court to vacate or set aside a death

25   sentence is afforded a mandatory right to legal counsel and related services.  18 U.S.C. § 3599(a)(2).

26   Although there is no constitutional right to the appointment of counsel in habeas corpus cases

1   (*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)), there is case law that suggests that, in some

2   respects, the statutory right to counsel in a federal habeas proceeding is on equal footing with a

3   defendant's Sixth Amendment right to counsel in a criminal trial.  *See McFarland v. Scott*, 512 U.S.

4   849 (1994).  Indeed, both the Eighth and Tenth Circuits have held that § 3599(a)(2) (previously

5   codified at 21 U.S.C. § 848(q)(4)(B)) implicates the same "substitution-of-counsel standards" as

6   does the Sixth Amendment.  *See Johnson v. Gibson*, 169 F.3d 1239, 1254 (10th Cir. 1999); *Hunter v.*

7   *Delo*, 62 F.3d 271, 274 (8th Cir.1995).

8           Even where the Sixth Amendment guarantees appointed counsel, however, an indigent

9   defendant is not entitled to counsel of his own choosing.  *Wheat v. United States*, 486 U.S. 153, 159

10  (1988).  In *Johnson*, the court noted that for a petitioner in a capital habeas case to obtain a

11  substitution of counsel, he must "show good cause, such as a conflict of interest, a complete

12  breakdown of communication or an irreconcilable conflict which leads to an apparently unjust

13  verdict."  *Johnson*, 169 F.3d at 1254 (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th

14  Cir.1987).  In *Hunter*, the court noted that a criminal defendant's request for new counsel implicates

15  conflicting factors – "the need to ensure effective legal representation, the need to thwart abusive

16  delay tactics, and the reality that an accused is often genuinely unhappy with appointed counsel who

17  is nonetheless doing a good job."  *Hunter*, 62 F.3d at 274

18          Accordingly, the court in *Hunter* held that the standards for granting substitute counsel for a

19  capital habeas petitioner are strict:

20          [S]ubstitution of counsel is a matter committed to the sound discretion of the district
            court.  To warrant substitute counsel, a defendant must show justifiable
21          dissatisfaction with appointed counsel [such as] a conflict of interest, an
            irreconcilable conflict, or a complete breakdown in communication between the
22          attorney and the defendant.  The defendant's right to counsel, however, does not
            involve the right to a "meaningful relationship" between an accused and his counsel.
23

24  *Id*. (quoting *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992)).  In the context of

25  addressing motions for new counsel, the Ninth Circuit generally defines a *conflict of interest* as "the

26

2

1   existence of competing interests potentially affecting counsel's capacity to give undivided loyalty to

2   his client's interests;" while an *irreconcilable conflict* refers to a dispute or difference between a

3   client and his lawyer.  *U.S. v. Moore*, 159 F.3d 1154, 1158 (9th Cir.1998).

4          Here, Howard's motion does not contain allegations showing that there is a conflict that

5   warrants the appointment of new counsel.  With respect to Erickson's alleged connection with the

6   FPD, Howard states only that he has a pending bar complaint against Erickson and that she "works

7   with the [FPD], Attorneys Michael Pescetta and Franny A. Forsman."  Docket #232.  He attached to

8   his motion the caption pages for prior filings in his case on which both Erickson and the FPD's

9   office are listed as his counsel (docket ##150/189).

10         Based on a review of the record, this court notes that the FPD's involvement in Howard's

11  case has been very limited, if not non-existent, since the latest stay was lifted in February of 2005.

12  There is no indication that Erickson was ever employed by the FPD during the course of these

13  proceedings.  When recently ordered to show cause why she should not be discharged as counsel,

14  Erickson made no reference to the FPD having any ongoing role in (or responsibility for) Howard's

15  representation.  Howard has not explained, or even suggested, how his grievance against Erickson

16  creates a conflict of interest for the FPD.

17         As for Howard's claim regarding the FPD's supposed representation of inmates who attacked

18  him in the past, Howard does not identify any of the inmates by name or provide any specific

19  information regarding the nature of the FPD's representation of those inmates.  Based on the dates

20  on the supporting documents submitted with his motion, the attacks to which Howard refers took

21  place at least seventeen years ago.  Here again, Howard does not allege facts that establish either (1)

22  that the FPD would be subject to a conflict of interest or (2) that Howard has an irreconcilable

23  conflict with counsel.

24         **IT IS THEREFORE ORDERED** that petitioner's *pro se* motion for appointment of new

25  counsel (docket #232/233) is **DENIED**.

26

1    **IT IS FURTHER ORDERED** that respondents' "Motion to Stay Answer" (docket #234) is

2  **DENIED** as moot.

3    **IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this order to petitioner

4  Howard at his place of confinement.

5    DATED this 20th day of June, 2007.

6

7

8    _____

9    LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4