UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL HOWARD, | |
|     Petitioner, | 2:93-CV-01209-LRH-LRL |
| vs. | |
| E.K. McDANIEL, *et al.*, | ORDER |
|     Respondents. | |

In this capital habeas case, petitioner Howard has filed a motion for the issuance of subpoenas. Docket #269. Howard seeks leave to serve subpoenas on welfare agencies in Alabama that assumed care or custody of him after the murder of his mother and incarceration of his father, the Alabama Department of Corrections, and the Alabama State Attorney General's Office. Respondents have not opposed the motion.

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ...

entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Because Howard's initial petition was filed prior to the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), this court need not determine whether AEDPA's provisions place additional limits on his request for discovery. *See*, *e.g.*, *Isaacs v. Head*, 300 F.3d 1232, 1249-50 (11th Cir. 2002) (applying AEDPA provisions in determining whether a petitioner could establish good cause for discovery).

Here, Howard contends that the requested discovery will potentially support the prejudice prong of his claim that his trial counsel was ineffective for failing to adequately develop mitigating evidence. With the records he now seeks to obtain, Howard hopes to show (1) the adverse conditions that he endured as a child when placed in various living arrangements by the state, (2) incidents of brutal violence committed by his father to which he was exposed as a child (most notably, the murder of his mother and one of his sisters), (3) a family history of mental illness, and (4) evidence of Howard's own mental impairments.

Howard has provided sufficient reason to believe that the additional mitigation evidence he seeks to obtain may have improved his chances for a more favorable outcome in the penalty phase of his trial. *See*, *e.g.*, *Correll v. Ryan*, — F.3d —. 2008 WL 2039074, 23 (9th Cir. 2008) (characterizing capital habeas petitioner's traumatic childhood and mental illness as "classic mitigating evidence"). Given that conclusion and the absence of any opposition from the respondents, Howard shall be permitted to serve the proposed subpoenas submitted with his motion.

In reviewing the proposed subpoenas, however, the court notes that some of Howard's requests are overly broad and that some of the records he seeks to obtain lack a sufficient nexus to the ineffective assistance claim that serves as the basis for his discovery request. As such, Howard shall be required to edit the subpoenas as set forth in the court's orders below.

Also, in allowing Howard to serve the proposed subpoenas, the court is not unmindful of the

length of time that this case has been pending in this court and the fact that petitioner's discovery was to have been completed several years ago. See docket #29 (establishing January 9, 1995, as a deadline for the completion of discovery). As such, the court is not inclined to allow Howard's belated discovery request to delay the ongoing adjudication of his pending petition. Any litigation generated as a result of the service of the subpoenas shall be strictly limited. In addition, compliance with the subpoenas shall not constitute good cause to extend any of the time periods set forth in the scheduling order entered on March 27, 2007 (docket #231).

**IT IS THEREFORE ORDERED** that petitioner's motion for the issuance of subpoenas (docket #269) is GRANTED as follows:

1) Petitioner is permitted to serve the subpoenas attached to his motion at Exhibits 1 through 4, but only after Items 1-4, 6-8, 11, 18, and 19 in each Attachment A are deleted, and Item 22 in each Attachment A is edited to read, "Any of the items above that are maintained as electronic data or in an electronic format."

2) Petitioner is permitted to serve the subpoena attached to his motion at Exhibit 5, but only after Items 8-25, and 29 in Attachment A are deleted, and Item 30 in Attachment A is edited to read, "Any of the items above that are maintained as electronic data or in an electronic format."

3) Petitioner is permitted to serve the subpoena attached to his motion at Exhibit 6, but only after Items 1 and 2 in Attachment A are deleted, and Item 3 in Attachment A is edited to read, "Any and all information pertaining to Samuel Howard, Jr., as a student at the Alabama Industrial School for Negro Children, or Mt. Meigs School."

**IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the scheduling order entered on March 27, 2007 (docket #231), shall remain in effect.

DATED this 2nd day of September, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE