1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   SAMUEL HOWARD,                              )
                                                             )
11               Petitioner,                         )          2:93-CV-01209-LRH-LRL
                                                             )
12   vs.                                                  )
                                                             )          <u>ORDER</u>
13   E.K. McDANIEL, *et al.*,                      )
                                                             )
14               Respondents.                      )
                                                             )
15   _____/

16          In this capital habeas case, petitioner Howard has filed a motion for stay and abeyance.

17   Docket #273.  Howard seeks a stay of these proceedings pending exhaustion of remedies

18   in state court.  More specifically, he asks the court to set aside its determination that Claim Eight of

19   his pending federal petition is procedurally defaulted and either issue a stay to allow him to litigate

20   the claim in state court or, alternatively, consider the claim exhausted, thereby allowing the parties to

21   argue Claim Eight on the merits in this proceeding.  Respondents have filed an opposition to the

22   motion (docket #277), in response to which Howard has filed a reply (docket #278).

23          In Claim Eight, Howard asserts a violation of his constitutional rights arising from a jury

24   instruction on premeditation, which he claims "was erroneous, confusing and eliminated any

25   meaningful distinction between first and second degree murder," and "deprived [him] of his right to

26   have the jury decide all the necessary elements of the charged crime."  Docket #189, p. 21-22.  On

1  July 26, 2006, this court entered an order in which it determined that several of Howard's habeas

2  claims, including Claim Eight, are procedurally barred from review.  Docket #211.  On January 9,

3  2008, in ruling upon Howard's motion to reconsider the July 26, 2006, decision, this court affirmed

4  its determination that Claim Eight is procedurally barred.  Docket #259.

5      On September 11, 2007, the United States Court of Appeals for the Ninth Circuit issued *Polk*

6  *v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), in which it held that the so-called *Kazalyn* instruction[1] (the

7  same instruction Howard challenges in Claim Eight) violated a Nevada prisoner's federal right to

8  due process because it relieved the state of the burden of proof on whether the killing was deliberate

9  as well as premeditated.  *Id*. at 910.  With his motion for a stay, Howard argues that *Polk* constitutes

10  a change in the legal landscape that justifies this court's reconsideration of its determination that

11  Howard procedurally defaulted Claim Eight.  Among the points Howard raises is that, though

12  Nevada Supreme Court found the *Kazalyn* instruction to be defective back in 2000 (*see Byford v.*

13  *State*, 116 Nev. 215, 235, 994 P.2d 700, 713-14 (2000)), *Polk* was the first case to recognize a

14  *constitutional* violation arising from the state court's use of the instruction.  Howard also suggests

15  that, in light of the Nevada Supreme Court's actions in response to *Polk* in a separate pending case,

16  state court relief on Claim Eight may no longer be foreclosed.

17      While Howard's arguments possess some visceral appeal, this court is not convinced that

18  Claim Eight is no longer procedurally barred from federal court review.  Any contention that the

19  factual or legal basis for Claim Eight was not reasonably available to Howard prior to *Polk* is belied

20  by the fact that he raised the claim in this court back in 1997 (docket #60, p. 17-18).  *Cf. Blair v.*

21  *Armontrout*  916 F.2d 1310, 1325-26 (8th Cir. 1990) (finding cause for petitioner's procedural default

22  under standard set forth in  *Murray v. Carrier*, 477 U.S. 478, 488  2645 (1986) because petitioner

23  could not have brought claim until Missouri Supreme Court decision provided factual basis).

24

25  [1]  The instruction was condoned as an accurate statement of the law in *Kazalyn v. State*, 108 Nev. 67,
825 P.2d 578 (1992).

26

1  Indeed, for the court to accept the notion that the presentation of the claim at issue was impossible

2  before *Polk* (as Howard argues in his reply brief (docket #278, p. 4-5)), it must also question whether

3  Howard is speaking of the same claim that is pleaded under Claim Eight in his pending petition.

4  Otherwise, Howard offers no persuasive legal authority for the proposition that a habeas petitioner

5  should be permitted to resurrect a procedurally-defaulted claim simply because the federal court of

6  appeals issues a post-default decision that appears to enhance the merit of the claim.

7      **IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (docket

8  #273) is DENIED.

9      **IT IS FURTHER ORDERED** that petitioner's reply to respondents' answer (docket #265)

10  and petitioner's motion for an evidentiary hearing shall be filed and served on or before **January 30,**

11  **2009.**

12      **IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the

13  scheduling order entered on March 27, 2007 (docket #231), shall remain in effect.

14      DATED this 8th day of January, 2009.

15

16

17      _____

18      LARRY R. HICKS
        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

3