UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SAMUEL HOWARD,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

2:93-CV-1209-LRH-VCF

**ORDER**

    On August 10, 2015, the United States Court of Appeals for the Ninth Circuit issued an order granting petitioner's motion for a limited remand for reconsideration of 29 defaulted claims in light of the Supreme Court's intervening decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). ECF No. 311. Pursuant to that order, this court must not only reconsider those claims in light of *Martinez*, but also address whether it will grant petitioner leave to amend his petition to raise three additional claims. *Id*. This order rules upon petitioner's motion for leave to amend his petition. ECF No. 316.

    The three claims petitioner seeks to add to his habeas petition are as follows: (1) a claim that petitioner's death sentence was unsupported by valid aggravators and is thus unconstitutional; (2) a claim that in upholding the sole remaining aggravator the Nevada Supreme Court violated petitioner's due process right to be free from unforeseeable, retroactive expansions of criminal law by the courts; and (3) ineffective assistance of trial counsel (IAC) for failure to challenge the New

York "conviction" used to establish the remaining aggravator.  At the suggestion of the petitioner, these claims are hereinafter referred to as the *Johnson claim*, the *Bouie* claim, and the IAC claim, respectively.[1]

The parties herein agree that factors to be considered in determining whether to permit amendment are: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.  *See*, *e.g.*, *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  "However, each is not given equal weight" and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Id*.

Under the circumstances present here, the court finds that neither bad faith, undue delay, nor prejudice weigh significantly against permitting petitioner's proposed amendment.  Likewise, petitioner's prior amended petitions should not foreclose leave to file another in this instance.  The court does conclude, however, that one of three claims petitioner seeks to add is clearly futile.

In October 2007, while petitioner's third amended petition was still being litigated in this court, petitioner filed a fourth state habeas petition.  By the time that proceeding concluded in April 2015, this case was on appeal to Ninth Circuit.  In opposing petitioner's motion for leave to amend, the respondents do not dispute that petitioner's J*ohnson* and *Bouie* claims were exhausted in that state proceeding.  ECF No. 317, p. 11.  While this court reserves judgment as to whether those claims are now properly before this court for a decision on the merits, petitioner shall be permitted to add those claims to his petition.

Petitioner did not, however, present his proposed IAC claim in his fourth state habeas proceeding or in any prior state habeas proceeding.  Even so, the petitioner argues that the claim is technically exhausted because it cannot now be presented to the Nevada courts in accordance with their procedural rules.  Be that as it may, this court is not inclined to allow petitioner to proceed in

---

[1] So named because petitioner indicates that the first claim is based upon *Johnson v. Mississippi*, 486 U.S. 578 (1988), and that the second claim is grounded in *Bouie v. City of Columbia*, 378 U.S. 347 (1964).

this court on a claim omitted from all four of his state habeas petitions.  *See* 28 U.S.C. § 2254(b) (habeas petition shall not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the State").  Moreover, the court finds no merit in petitioner's argument that the procedural default of the claim can be excused under *Martinez*.  The Court in *Martinez* was unambiguous in explaining that its holding "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1320.  Thus, petitioner's motion for leave to amend is denied with respect to his IAC claim.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to amend petition (ECF No. 316) is GRANTED in part and DENIED in part.  Petitioner is granted leave to add his proposed *Johnson* and *Bouie* claims to his petition, but denied leave to add his proposed IAC claim.  Petitioner shall file an amended petition in accordance with this order within **10 days** of its date of entry.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the date of entry of this order to file and serve a brief setting forth his position with respect to whether this court shall reconsider his 29 defaulted claims in light of the Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  Thereafter, respondents shall have **45 days** to file and serve a responsive brief setting forth their positions with regard to petitioner's *Martinez*-based arguments AND an answer to the two additional claims in petitioner's amended petition.  With respect to the latter, respondents may raise any appropriate procedural defense(s) to the claim in addition to addressing the substantive merit of the claims.  After respondents file their responsive brief, petitioner shall have **20 days** to file a reply.

DATED this 20th day of May, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE