**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMUEL HOWARD, | ) |
| Petitioner, | ) 2:93-CV-1209-LRH-VCF |
| vs. | ) |
| | ) **ORDER** |
| RENEE BAKER, *et al.*, | ) |
| Respondents. | ) |

On May 23, 2016, this court entered an order granting petitioner, Howard, leave to add two claims to his habeas petition, but denying him leave to add a third claim. ECF No. 320. Howard has filed a motion asking the court to reconsider that order with respect to the latter decision. ECF No. 322.

The claim for which the court denied leave to amend is a claim that Howard received ineffective assistance of trial counsel (IAC) due to counsel's failure to challenge a New York conviction for robbery used to establish an aggravating circumstance. The court denied leave to add this claim based on the conclusion that the claim was futile because Howard had not presented the claim to the Nevada Supreme Court in any of his four state post-conviction proceedings and the claim is now barred from state court consideration under Nevada's procedural rules. ECF No. 320, p. 2-3. The court further concluded that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), was not available to excuse Howard's procedural defaults because its holding only applies to post-conviction counsel's ineffectiveness in the *initial* state-post conviction proceeding. *Id.*, p. 3.

Howard argues that this court's decision to deny leave is "clearly erroneous" and "will likely be reversed on appeal unless it is corrected now on reconsideration." ECF No. 322, p. 2. As respondents point out, however, "[r]eview under the clear error standard 'is significantly deferential, requiring a definite and firm conviction that a mistake has been committed.'" ECF No. 325, p. 3 (quoting *Concrete Pipe and Products of California, Inc. v. Constr. Laborers*, 508 U.S. 602, 623 (1993) (internal quotations omitted)).

Howard insists that *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), requires this court to grant him leave to add his IAC claim. In *Dickens*, the Ninth Circuit remanded petitioner's case to the district court to give him an opportunity to show cause and prejudice under *Martinez* even though he had never presented his IAC claim to the Arizona courts. *Dickens*, 740 F.3d at 1320. Like the claim at issue here, the IAC claim in *Dickens* was "technically exhausted," but procedurally defaulted. *Id*. at 1321. However, unlike this case, the petitioner in *Dickens* did not omit the IAC claim from four state post-conviction proceedings. Indeed, accepting Howard's argument is tantamount to concluding that, because of *Martinez*/*Dickens*, IAC claims are excused from the exhaustion requirement. Without a more clear pronouncement from a higher court, this court is not inclined to extend *Martinez* in this manner.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 322) is DENIED.

DATED this 27th day of June, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE