**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAMUEL HOWARD,                    )
                                 )
            Petitioner,           )          2:93-CV-1209-LRH-VCF
                                 )
vs.                               )
                                 )          **ORDER**
TIMOTHY FILSON,[1] *et al.*,      )
                                 )
            Respondents.          )
                                 )
_____/

    This is a habeas corpus action under 28 U.S.C. §2254.  Petitioner, Samuel Howard, has filed

a motion for summary judgment on Claims 16 and 17 of his fourth amended petition (ECF No. 321).

ECF No. 323.  Both claims are premised on the assertion that his death penalty is supported by an

invalid aggravating circumstance, that being, that Howard "was previously convicted of . . . a felony

involving the use or threat of violence to the person of another."  Nev. Rev. Stat. 200.033(2) (1979).

According to Howard, the New York robbery case relied upon by the State did not satisfy the

circumstance because Howard was never sentenced for the crime and no final judgment was entered.

    With Claim 16, Howard alleges that his rights under the Eighth and Fourteenth Amendments

were violated by the State's use of an invalid aggravating circumstance to impose the death penalty.

_____

[1]  Timothy Filson, current warden of Ely State Prison, is substituted as respondent in place of his predecessor Renee Baker.  *See* Fed. R. Civ. P. 25(d) (providing that a public "officer's successor is automatically substituted as a party" when his or her predecessor "ceases to hold office while the action is pending").

1    With Claim 17, Howard alleges that the Nevada Supreme Court deprived him of his right to due

2    process under the Fourteenth Amendment by upholding the circumstance because, in doing so, the

3    court "increased [his] sentence on the basis of an unexpected and indefensible expansion of criminal

4    law." ECF No. 321, p. 30[2] (citing *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964)).

5                            *Relevant case history*

6          On May 6, 1983, pursuant to jury verdicts in the Eighth Judicial District Court of Nevada,

7    Howard was convicted of murder in the first degree with use of a deadly weapon and was sentenced

8    to death.  He was also convicted of two counts of robbery with use of a deadly weapon in the same

9    proceeding.  In support of its death verdict, the jury found two aggravating circumstances: (1) the

10   murder was committed by a person who was previously convicted of a prior violent felony; and (2)

11   the murder was committed while the person was engaged in the commission of a robbery.

12         The prior violent felony aggravator was based upon the aforementioned New York robbery

13   case.  The second aggravator was based upon Howard's robbery conviction in this matter.  Howard

14   concedes he was found guilty of the New York robbery.  It is undisputed that Howard was never

15   sentenced and no judgment was ever entered in that case.

16         On December 28, 2009, this court entered a final order denying Howard's third amended

17   petition in this case.  Howard appealed.  The Ninth Circuit Court of Appeals subsequently granted

18   his motion to stay pending the outcome of his then-pending state habeas petition.  During the stay,

19   Howard filed a motion for remand to the district court for reconsideration in light of the Supreme

20   Court decision *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

21         On July 30, 2014, the Nevada Supreme Court affirmed the state district court's denial of

22   Howard's state habeas petition.  In doing so, the court rejected Howard's argument that he is actually

23   innocent of the death penalty because the two aggravating circumstances the jury had found are

24   invalid.

25

26   ───────────────

[2]  Citations to page numbers in ECF documents are based on ECF pagination.

1        On August 10, 2015, the Ninth Circuit granted Howard's motion for a limited remand for

2    reconsideration of twenty-nine claims in light of *Martinez*.  The court of appeals ordered this court to

3    also address Howard's motion for leave to file a fourth-amended petition to raise three additional

4    claims.

5        On May 23, 2016, this court granted the motion in part, permitting Howard to raise claims

6    based upon *Johnson v. Mississippi*, 486 U.S. 578 (1988) (Claim Sixteen), and *Bouie v. City of*

7    *Columbia*, 378 U.S. 347 (1964) (Claim Seventeen), but denied inclusion of an ineffective assistance

8    claim.  After unsuccessfully seeking reconsideration of that decision, Howard filed the motion for

9    summary judgment that is now before the court.

10                    *Procedural default*

11       Respondents argue that this court is barred by the doctrine of procedural default from

12   considering the merits of Claims 16 and 17.[3]  A federal court will not review a claim for habeas

13   corpus relief if the decision of the state court denying the claim rested on a state law ground that is

14   independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*,

15   501 U.S. 722, 730-31 (1991).  The Court in *Coleman* stated the effect of a procedural default as

16   follows:

> In all cases in which a state prisoner has defaulted his federal claims in
> state court pursuant to an independent and adequate state procedural
> rule, federal habeas review of the claims is barred unless the prisoner
> can demonstrate cause for the default and actual prejudice as a result of
> the alleged violation of federal law, or demonstrate that failure to
> consider the claims will result in a fundamental miscarriage of justice.

21   *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

22       Here, the Nevada Supreme Court affirmed the lower court's determination that the claims

23   Howard raised in his fourth state habeas proceeding were barred by Nevada's procedural rules

24   governing post-conviction petitions – specifically, Nev. Rev. Stat. § 34.726 (timeliness) and §

---

[3] Respondents also argue that Claim 16 is untimely.  That argument is without merit.

1    34.810(2) (successiveness).  *Howard v. State*, 2014 WL 3784121 (Nev. July 30, 2014), *cert. denied*,

2    135 S. Ct. 1898 (2015).  The court rejected Howard's arguments that the invalidity of the

3    aggravating circumstances rendered him actually innocent of the death penalty thereby allowing him

4    to overcome the state procedural bars.  In particular, the court concluded "that the State sufficiently

5    proved the prior-violent-felony aggravating circumstance based on robbery."  *Id*. at *5 (citing

6    *Kirksey v. State*, 814 P.2d 1008, 1011 (Nev. 1991)).

7         Howard does not dispute that he defaulted Claims 16 and 17 in state court pursuant to an

8    independent and adequate state procedural rule.  As he did in state court, however, he contends that

9    the default is "eliminated by a viable actual innocence theory."  ECF No. 364, p. 18.  To prevail on

10   such a claim a capital petitioner must demonstrate " by clear and convincing evidence that, but for a

11   constitutional error, no reasonable juror would have found the petitioner eligible for the death

12   penalty under the applicable state law."  *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992).

13        The parties here dispute whether the robbery-murder aggravator has been invalidated by the

14   Nevada Supreme Court.  As threshold matter, however, Howard cannot establish that he is actually

15   innocent of the death penalty unless he demonstrates that the prior-violent-felony aggravator is

16   invalid as well.  *See id.* at 345 ("Sensible meaning is given to the term 'innocent of the death

17   penalty' by . . . a showing that there was no aggravating circumstance or that some other condition of

18   eligibility had not been met."); *see also Cade v. Haley*, 222 F.3d 1298, 1308 (11th Cir. 2000) ("[A]

19   showing of actual innocence can only refer to those state-law requirements that must be satisfied to

20   impose the death penalty, *i.e.*, the elements of the capital crime and *minimum* required aggravating

21   factors." (Emphasis added.)).  And, of course, Claims 16 and 17 have merit only if the aggravator is

22   invalid.

23                    *Validity of the prior-violent-felony aggravating circumstance*

24        In ruling upon Howard's appeal in his fourth state habeas proceeding, the Nevada Supreme

25   Court held as follows with respect to his challenge of the prior-violent-felony aggravating

26   circumstance based on the New York robbery:

4

1    We also reject Howard's contention that he was not convicted of robbery.  In
2 this, he suggests that prior to the 1997 amendment to NRS 200.033(2)(b), the
prosecution was required to prove a "conviction," as contemplated by NRS
3 200.033(2)(b), by establishing both the existence of and the entry of a final judgment.
According to Howard, the 1997 amendment to the statute changed this "commonly
4 understood" definition and that applying the new definition imposed by the
amendment – "a person shall be deemed to have been convicted at the time the jury
5 verdict of guilt is rendered or upon pronouncement of guilt by a judge or judges
sitting without a jury" – to his case would violate the ex post facto clause and his due
6 process rights.  The legislative history indicates that the 1997 amendment was enacted
to clarify confusion about temporal relationships between prior convictions and the
7 penalty phase of capital prosecutions, not to redefine the meaning of "conviction"
under the statute.  *See* Legislature's Summary of Senate Bill 281, 69th Leg. (Nev.
8 1997) ("Senate Bill 281 clarifies certain provisions relating to circumstances
aggravating first-degree murder . . . .  In addition, a conviction for another murder that
9 is not related to the immediate proceeding murder and that occurred at any time
before the penalty hearing also constitutes an aggravating circumstance."); Hearing on
10 S.B. 281 Before the Senate Comm. on Judiciary, 69th Leg. (Nev., June 18, 1997);
Hearing on S.B. 281 Before the Assembly Comm. on Judiciary, 69th Leg. (Nev., July
11 1, 1997).  In light of Howard's admission at trial that he sustained the conviction in
absentia because he absconded during trial and other testimony and court documents
12 indicating that he incurred a robbery conviction, we conclude that the State
sufficiently proved the prior-violent-felony aggravating circumstance based on
13 robbery.  *See Kirksey v. State*, 107 Nev. 499, 504, 814 P.2d 1008, 1011 (1991)
(concluding that defendant's admission to prior conviction of robbery, copy of
14 probation officer's report of crime, and copy of defendant's criminal history was
sufficient to prove aggravating circumstance alleged pursuant to NRS 200.033(2)(b)).

15 *Howard*, 2014 WL 3784121, at *5.

16    Because Howard's initial petition herein was filed prior to the enactment of the AEDPA,[4]

17 pre-AEDPA law, under the former 28 U.S.C. § 2254, is controlling.  *Woodford v. Garceau*, 538 U.S.

18 202, 207 (2003).  Thus, this court's ability to grant habeas relief is not limited by the deferential

19 standards imposed by the current 28 U.S.C. § 2254(d).

20    Separate and apart from AEDPA's requirements, however, federal courts must defer to a

21 state court's interpretation of state law.  *See Estelle v. McGuire*, 502 U.S. 62,  (1991) ("[I]t is not the

22 province of a federal habeas court to reexamine state court determinations on state law questions");

23 *see also Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) (deferring to Arizona court's

24 determination that a preparatory offense qualifies as a prior felony for purposes of an Arizona

25 _____

26 [4]  Antiterrorism and Effective Death Penalty Act of 1996.

1    sentence enhancement provision).  "Absent a showing of fundamental unfairness, a state court's

2    misapplication of its own sentencing laws does not justify federal habeas relief."  *Christian v. Rhode*,

3    41 F.3d 461, 469 (9th Cir. 1994); *see, e.g.*, *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989)

4    (whether assault with deadly weapon qualifies as "serious felony" under California's sentence

5    enhancement provisions, Cal. Penal Code §§ 667(a) and 1192.7(c)(23), is question of state

6    sentencing law and does not raise constitutional claim).

7          Here, Howard has not shown that Nevada's application of its own sentencing law was

8    fundamentally unfair.  With respect to the Due Process Clause, the Supreme Court has "defined the

9    category of infractions that violate 'fundamental fairness' very narrowly."  *Dowling v. United States*,

10   493 U.S. 342, 352 (1990).  As noted by the Nevada Supreme Court, Howard admitted at trial he was

11   "convicted" of the New York robbery.  ECF No. 338-10, p. 160.  He further testified that he was

12   convicted in absentia because he "jumped bail" during the course of the trial.  *Id.*, p. 161.

13   Notwithstanding prior Nevada case law bearing on the definition of "conviction" and the Nevada

14   legislature's 1997 amendment to the relevant statute, the Nevada Supreme Court's decision to

15   uphold the validity of the prior-violent-felony aggravator in Howard's case is not "so extremely

16   unfair that [it] violates 'fundamental conceptions of justice.'"  *See Dowling*, 493 U.S. at 352

17   (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)).

18         Howard's habeas claim premised on the holding in *Bouie* is also without merit.  In *Bouie*, the

19   Supreme Court reasoned that the Due Process Clause governs judicial construction similar to the

20   way the Ex Post Facto Clause governs legislative action.  378 U.S. at 353-54.  Accordingly, the

21   Court held that the Due Process Clause prohibits retroactive application of a judicial construction of

22   a criminal statute that is so unforeseeable and indefensible that the defendant was deprived of "fair

23   warning that his contemplated conduct constitute[d] a crime."  *Id.* at 354-55.  The Supreme Court

24   reversed the convictions in *Bouie* because the petitioners' conduct did not violate South Carolina's

25   trespass statute at the time the conduct occurred – that is, it was only South Carolina Supreme

26   Court's post hoc construction of the statute that rendered the conduct unlawful.

6

1    At the time Howard committed the murder in this case, Nevada law gave him fair warning

2 that an aggravating circumstance for first degree murder was that "[t]he murder was committed by a

3 person who was previously convicted of . . . a felony involving the use or threat of violence to the

4 person of another."   Nev. Rev. Stat. 200.033(2) (1979).   The Nevada Supreme Court's

5 determination that the State had presented sufficient evidence to satisfy this aggravating

6 circumstance was not so drastic or insupportable under then-existing law that it constituted the

7 judicial equivalent of an ex post facto violation.  Unlike the South Carolina Supreme Court in *Bouie*,

8 the Nevada Supreme Court did not interpret the given statute in a way that was "so clearly at

9 variance with the statutory language" and without "the slightest support in prior [state court]

10 decisions."  *Bouie*, 378 U.S. at 356.

11    Because the State's use of the prior-violent-felony aggravating circumstance in Howard's

12 case is not invalid under Nevada Law, he is not actually innocent of the death penalty.  Thus, Claims

13 16 and 17 are barred by the doctrine of procedural default.  In the alternative, Claims 16 and 17 fail

14 on the merits.

15    **IT IS THEREFORE ORDERED** that petitioner's motion for summary judgment on Claims

16 16 and 17 (ECF No. 323) is DENIED.

17    **IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 367) is

18 DENIED.

19    **IT IS FURTHER ORDERED** that respondents' motion for waiver of compliance with LR

20 IA 10-3 (ECF No. 362) is GRANTED.

21    **IT IS FURTHER ORDERED** petitioner's motion for leave to file excess pages (ECF No.

22 363) is GRANTED *nunc pro tunc* as of July 20, 2016.

23    **IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the date of entry of

24 this order to file and serve a brief setting forth his position with respect to whether this court shall

25 reconsider his 29 defaulted claims in light of the Supreme Court's decision in *Martinez v. Ryan*, 132

26 S.Ct. 1309 (2012).  Thereafter, respondents shall have **45 days** to file and serve a responsive brief

1   setting forth their positions with regard to petitioner's *Martinez*-based arguments.  After respondents

2   file their responsive brief, petitioner shall have **20 days** to file a reply.

3       DATED this 8th day of December, 2016.

4

5   _____

6   LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8